# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CLIFFORD WILLIAMS, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 10-0522 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 15 |
| | : | | |
| CRAIG APKER, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM OPINION

### Granting in Part and Denying in Part the Respondent's Motion to Dismiss

## I. INTRODUCTION

This case is currently before the court on the respondent's motion to dismiss the petition for a writ of habeas corpus. The respondent argues that the court lacks subject matter jurisdiction over all but the petitioner's claim of ineffective assistance of appellate counsel. The respondent also contends that the petition is statutorily time-barred because the petitioner filed the petition more than one year after the time after his conviction became final. Although the respondent is correct that the court lacks jurisdiction over all but the petitioner's claim of ineffective assistance of appellate counsel, the respondent has not established that the petition is time-barred. The court therefore grants in part and denies in part the respondent's motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The petitioner is currently incarcerated at the United States Penitentiary Tuscon, where he is serving concurrent sentences imposed by the Superior Court of the District of Columbia in May 2003 following his convictions for mayhem while armed, aggravated assault while armed, carrying a dangerous weapon and assault with a dangerous weapon. *See Inmate Locator*, Fed.

Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp, (search for Register Number 33118-007); Application Under 28 U.S.C. § 2241[1] for Writ of Habeas Corpus by a Person in State or Fed. Custody ("Pet.")[2] at 1; Mem. Op. & J., at 1, *Williams v. United States*, No. 03-CF-1183 (D.C. Jan. 8, 2008). The petitioner appealed that conviction to the District of Columbia Court of Appeals, which upheld the conviction on January 8, 2008. *See generally* Mem. Op. & J., *Williams v. United States*, No. 03-CF-1183 (D.C. Jan. 8, 2008). The petitioner thereafter filed a petition for a writ of certiorari in the U.S. Supreme Court, *see* Pet. at 49 (Letter from William K. Suter, Clerk, U.S. Supreme Court, to Clifford Williams (Aug. 13, 2008)), as well as a motion to recall the mandate of the D.C. Court of Appeals, *see id.* at 50 (Order, *Williams v. United States*, No. 03-CF-1183 (D.C. May 28, 2008)). The District of Columbia Court of Appeals acted first, denying the petitioner's motion on May 28, 2008. *Id.* The Supreme Court denied certiorari on October 6, 2008. *See Williams v. United States*, 129 S. Ct. 308, 308 (2008).

The petitioner commenced this action on September 8, 2009, asserting an entitlement to relief under Federal Rule of Civil Procedure 60(b), Pet. at 12-19, ineffective assistance of trial counsel, *id.* at 20-26, ineffective assistance of appellate counsel, *id.* at 28-31, a violation of his

---

[1] The petitioner ostensibly commenced this case under 28 U.S.C. § 2241, the federal law generally governing petitions for writs of habeas corpus in federal courts. *See generally* Pet. Because, however, the petitioner is in custody pursuant to a judgment of the D.C. Superior Court, which is considered a state court, the court construes the petition as made under 28 U.S.C. § 2254, the federal law governing petitions for writs of habeas corpus filed in federal courts by state prisoners. *See Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus, a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."); *cf. Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308-09 (D.C. Cir. 2002) (concluding that "a court of the District is a state court" for purposes of the certificate of appealability requirement for habeas appeals).

[2] The petitioner intersperses several pages of attachments between the already numbered pages of his petition form. *See generally* Pet. The court therefore refers to specific portions of the petition by identifying the page numbers assigned by the ECF header, rather than those already on the petition form or those written by the petitioner on his attachments.

Sixth Amendment right to counsel, *id.* at 32-33, a violation of his Fourth Amendment right against unreasonable search and seizure, *id.* at 34-35, an impermissible denial of his right to an evidentiary hearing, *id.* at 36-37, and an illegal or unauthorized sentence, *id.* at 38-39. The respondent has moved to dismiss the petition, arguing that the court lacks subject matter jurisdiction over all of the petitioner's claims except his claim of ineffective assistance of appellate counsel and, alternatively, that the petition is time-barred. *See generally* Respt's Mot. to Dismiss ("Respt's Mot."). That motion is now ripe for adjudication.

## III. ANALYSIS

### A. The Court Dismisses the Majority of the Plaintiff's Claims Pursuant to Rule 12(b)(1)

#### 1. Legal Standard for a Rule 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the

burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### 2. The Court Lacks Subject Matter Jurisdiction Over All But the Plaintiff's Claim of Ineffective Assistance of Appellate Counsel

The respondent argues that the court lacks subject matter jurisdiction over nearly all of the grounds for relief asserted in the petition. *See* Respt's Mot. at 8-13. The petitioner, without squarely addressing the respondent's jurisdictional arguments, maintains that he is entitled to habeas relief. *See generally* Petr's Opp'n.

The petitioner's first alleged ground of habeas relief is Federal Rule of Civil Procedure 60(b)(1), (2), (3), and (6). Pet. at 12. Those provisions provide in relevant part that

> on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

4

(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).[3] Apparently, the petitioner seeks relief from his conviction by the Superior Court and the affirmance of that conviction by the District of Columbia Court of Appeals. *See* Pet. at 12.

Rule 60(b), however, only provides a federal district court with subject matter jurisdiction over requests for reconsideration of federal district court decisions; it does not give the court jurisdiction to relieve a party from state court judgments, including judgments of the D.C. Superior Court. *See Goodwin v. Home Buying Inv. Co., Inc.*, 352 F. Supp. 413, 416 (D.D.C. 1973) (noting that "reliance" on Rule 60(b) "is misplaced where the judgment from which a party seeks relief was not of judgment of the court in which relief is sought"); *see also Holder v. Simon*, 384 F. App'x 669, 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."). The court therefore lacks subject matter jurisdiction over the petition insofar it seeks relief under Rule 60(b).

Most of the petitioner's remaining justifications for habeas relief concern claims of ineffective assistance of trial counsel and various alleged legal errors that tainted his conviction and sentencing. *See* Pet. at 20-26, 32-39. Challenges of this nature must be brought by motion in the D.C. Superior Court under D.C. Code § 23-110, which provides in relevant part that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court

---

[3] The petitioner cites Rule 60(b)(2) twice, once for "[n]ewly discovered evidence," and again for "[f]raud," but never cites Rule 60(b)(3). Pet. at 12. Because (b)(2) concerns newly discovered evidence and (b)(3) concerns fraud, the court presumes that petitioner's second citation to (b)(2) was intended to invoke (b)(3).

5

has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. CODE § 23-110(g).

It is well settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," *Saleh v. Braxton*, 788 F. Supp. 1232, 1232 (D.D.C. 1992), except where a petitioner alleges ineffective assistance of appellate counsel and has unsuccessfully moved to recall the mandate of the District of Columbia Court of Appeals, *Williams v. Martinez*, 586 F.3d 995, 996 (D.C. Cir. 2009) ("[S]ection 23-110 does not deprive federal courts of jurisdiction over habeas petitions alleging ineffective assistance of appellate counsel."). The court therefore lacks subject matter jurisdiction over those grounds for habeas relief that the petitioner can pursue under § 23-110.

The petitioner's only remaining justification for relief is ineffective assistance of appellate counsel. *See* Pet. at 28–31. The respondent does not contest the court's subject-matter jurisdiction over this ground. Respt's Mot. at 13 n.7; *see also Williams*, 586 F.3d at 996. In light of the respondent's concession, the court now turns to the issue of whether the petition is time-barred.

## B. The Court Declines to Dismiss the Petition on Statute of Limitations Grounds Pursuant to Rule 12(b)(6)

### 1. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because, however, statute of limitations issues often turn on contested questions of fact, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475

(D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

## 2. The Petition is Not Time-Barred

The respondent contends that the petition is barred by the statute of limitations because the petitioner's conviction became final more than one year before he filed his petition. Respt's Mot. at 4-7. The petitioner maintains that he filed his petition within the limitations period and that his petition warrants equitable tolling. Petr's Opp'n at 17-18.

Petitions for writs of habeas corpus filed under 28 U.S.C. § 2254 face a one-year statute of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

The running of this limitations period is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The running of this limitations period may also be equitably tolled if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

For the purposes of § 2244(d)(1), "[f]inality attaches when [the U.S. Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). The deadline for filing a certiorari petition expires "90 days after entry of the judgment" of which the petitioner seeks Supreme Court review, S. CT. R. 13.1, unless the ninety-day filing deadline is extended by a Justice of the Supreme Court, S. CT. R. 13.5.

The respondent argues that the petition is time-barred because the petitioner was required to file his petition within one year after the denial of his motion to recall the mandate of the District of Columbia Court of Appeals became final. Respt's Mot. at 7. That motion was denied on May 28, 2008. Order, *Williams v. United States*, No. 03-CF-1183 (D.C. May 28, 2008). The petitioner thereafter had 90 days within which to file a petition for a writ of certiorari. 28 U.S.C. § 2244(d)(1)(A). Because he did not do so, the respondent argues, "the petitioner's convictions and sentence became final on August 26, 2008." Respt's Mot. at 7.

Although the petitioner did not seek Supreme Court review of the ruling on his motion to recall the mandate, he did file a petition for writ of certiorari regarding the decision of the District of Columbia Court of Appeals to affirm his conviction. Petr's Opp'n at 17-18. That petition was accepted for consideration by the Supreme Court and was not denied until October

9

6, 2008.  *See Williams*, 129 S. Ct. at 308.  The petitioner filed the instant petition on September 8, 2009 – less than one year after the Supreme Court denied his certiorari petition.  *See generally* Pet.  Therefore, the petition is timely.  *See* 28 U.S.C. § 2241(d)(1)(A).  Accordingly, the court denies the respondent's motion to dismiss the petition as time-barred.

## V.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the respondent's motion to dismiss the petition.[4]  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of March, 2011.

RICARDO M. URBINA<br>
United States District Judge

---

[4] The only ground for relief asserted in the petition to survive the court's ruling is the petitioner's assertion of ineffective assistance of appellate counsel.  *See supra* Part III.  The respondent has requested "an opportunity to address the merits of the petitioner's claims" that survive the respondent's dispositive motion.  Respt's Mot. at 14 n.8.  Accordingly, the court grants the respondent additional time within which to respond to the substance of the petitioner's remaining allegation.